UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fred Smith, III, | ) | C/A No. 8:09-1228-HFF-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Bill Blanton, Cherokee County Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to

the Court *pro se* by a person who, at the time of filing, was being involuntarily, but civilly, detained

in a South Carolina county detention center.[1]  Fred Smith, III (Petitioner) was being housed at the

Cherokee County Detention Center awaiting an evaluation to determine whether or not he should

be civilly committed under South Carolina's sexually violent predator act (SVP Act or the Act).  It

appears from the allegations in his Petition, that he pled guilty in September 2007 to the state

criminal charge (criminal sexual conduct in the 3d degree) that ultimately resulted in his being sent

for the SVP evaluation when his criminal sentence allegedly expired.  It does not appear that

Petitioner ever appealed that criminal conviction nor does it appear that he filed any post-conviction

relief (PCR) cases seeking collateral review of the conviction or three-year sentence he received.

 Although he states that he completed his criminal sentence, it is not clear from the face of the

Petition whether or not he has any kind of probation or community supervision component still to

be served on the criminal conviction.  For purposes of this Report, it is assumed that Petitioner is

still "in custody" on the state criminal conviction.  *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th

Cir. 2004)(relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), and holding: "A state

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *White v. Lambert,* 370 F.3d 1002, 1005-09 (9th Cir. 2004)(explaining the distinctions between § 2254 and § 2241; where a prisoner is in custody *under a state court judgment*, § 2254 is exclusive jurisdictional grant); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)(same); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case pursuant to § 2254 is subject to summary dismissal.

Any person seeking federal habeas corpus relief must first exhaust any state court remedies that are available to them. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing *Braden*). Such considerations should not be dispensed with lightly. It is well settled that a writ of habeas corpus will not issue if there is another adequate remedy available to the petitioner for the problems asserted. *See Bland v. Rodgers*, 332 F. Supp. 989, 991 (D.C. D. C. 1971) (motion to dismiss indictment in pending criminal case was adequate remedy; petition partially dismissed).

This § 2254 case is subject to summary dismissal without service on Respondent because the Petition does not show that Petitioner ever filed and pursued either a direct appeal or a post-conviction relief application relative to the state criminal conviction that has now resulted in his being civilly committed under the SVP Act. As a result, this Court cannot consider the merits of his claims that his guilty plea was involuntary because he was allegedly not informed of the possibility of SVP consideration based on his conviction, that his conviction constituted a violation of double jeopardy, and/or that his counsel was otherwise ineffective.

If Petitioner failed to file a direct appeal from his underlying Spartanburg County criminal conviction within the time the permitted by South Carolina law, it is possible that he may be able to receive belated appellate review if a post-conviction court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See*, *e.g.*, *Sumpter v. State*, 312 S.C. 221, 439 S.E.2d 842 (1994); Sims v. State, 313 S.C. 420, 438 S.E.2d

3

253 (1993); *Gossett v. State*, 300 S.C. 473, 388 S.E.2d 804, 805-07 (1990); *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986); *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). If Petitioner already has a direct appeal pending in a state appellate court, he needs to pursue it to completion before filing a PCR case in Spartanburg County; however, to seek a belated appeal, if necessary, Petitioner should file a PCR application in the Court of Common Pleas for Spartanburg County. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977). Petitioner can obtain PCR forms from the Clerk of Court for Spartanburg County, or from the South Carolina Attorney General's Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.

If Petitioner files a PCR application which is later denied by the Court of Common Pleas for Spartanburg County, he *must* then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws.[2] Such review must be sought and completed by a state prisoner or else federal collateral review under 28 U.S.C. § 2254 of the grounds raised in the PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-

---

[2] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002)(after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court under SCACR 226 to fully exhaust state remedies in federal habeas actions);*see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S. E. 2d 454 (S.C. 1990)(same; rule applies in both criminal appeals and post-conviction relief cases).

54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981). As a result, to the extent that they arise from the underlying state criminal conviction, the grounds for habeas relief ostensibly raised in the Petition filed in this case have not yet been considered and addressed by courts of the State of South Carolina. This failure to exhaust available state remedies is fatal to this case.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent due to lack of exhaustion of state remedies. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 11, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).